```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 6/24/09
```

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

MICHAEL FISHOFF,

                    Plaintiff,

        v.

COTY INC.,

                Defendant.

---

Civil Action No. 09-CV-628 (SAS)

ECF Case

**CONFIDENTIALITY AGREEMENT**
**AND PROTECTIVE ORDER**

      **IT IS HEREBY STIPULATED AND AGREED**, by and among the parties and their undersigned counsel, as follows:

      1.     This Confidentiality Agreement and Protective Order (the "Protective Order") shall govern the production, disclosure and use of all documents and information produced by or obtained from any party or non-party in this action (the "Action"), whether or not in response to a subpoena or formal discovery request or proceeding, that are stamped or otherwise designated as "Confidential" by a Party to the Action in accordance with the terms of this Protective Order.

      2.     As used herein, "Party" or "Parties" means (i) Plaintiff Michael Fishoff and his attorneys and agents and (ii) Defendant Coty Inc. and its subsidiaries, affiliates, directors, officers, employees, attorneys and agents.

      3.     Either Party may designate as "Confidential" any documents or information produced or disclosed in this Action that contains any (i) personal financial information concerning an individual, including, without limitation, any information concerning option awards or the exercise of any options, or (ii) non-public financial or business information concerning a Party (the "Confidential Information"). The Party desiring to designate a document

or information as Confidential (the "Designating Party") must stamp or otherwise designate the document or information as "Confidential" at the time of production or disclosure or within seven (7) days after that party learns of the production or disclosure of the document or information. For documents (and all information contained therein), the first page of the document shall be stamped "Confidential." For information disclosed during depositions or other proceedings in the Action, the Designating Party shall designate the information as "Confidential" either (a) by a statement on the record during the deposition or other proceeding or (b) by letter to the attorney for the other Party sent within seven (7) days after the receipt of the transcript of the deposition or other proceeding.

4.     Any Party receiving any document(s) or information designated as "Confidential" shall have the right at any time to challenge such designation by applying to the Court, on no less than five (5) business days' notice, for an order to remove such designation. Before the making of any such application, the Parties shall make a reasonable good faith effort to resolve between themselves their disagreement concerning the document(s) or information in question. On any such application, the Party maintaining the designation shall have the burden of showing that the document(s) or information satisfies the criteria for Confidential Information described in paragraph 3 above. Pending the Court's determination of such application, the document(s) or information shall continue to be treated as Confidential Information.

5.     The Party obtaining Confidential Information from a Designating Party or any other source shall use the Confidential Information solely for and in connection with the conduct of the Action (including any appeal therefrom). The Party shall not use or disclose the Confidential Information for any other purpose.

2

6. Subject to Paragraph 5 of this Confidentiality Order, Confidential Information may be disclosed to or used by the Party's representatives who actually participate in the conduct of the Action. All non-party individuals, whether or not called as a fact witness or expert witness at a deposition or other proceeding in the Action, shall review this Confidentiality Order and agree in writing (by executing a copy of the Declaration annexed hereto as Exhibit A), or on the record at the deposition or other proceeding in the Action, to be bound by its terms before a Party may disclose Confidential Information to them. The Party disclosing Confidential Information to a non-party witness is required to retain and produce, upon request of the Designating Party, at or prior to the deposition of the witness or other proceeding in the Action, the original of the witness's executed Declaration before examining the witness regarding Confidential Information. This requirement shall not affect a Party's right to cross-examine any witness who is questioned regarding Confidential Information.

7. The Parties acknowledge that documents have been disclosed prior to the execution of this Protective Order. Pending execution, all such previously produced documents shall be deemed Confidential Information subject to this Protective Order. Within thirty (30) days from the date this Protective Order is fully executed, each party may designate any previously disclosed document as Confidential Information, within the meaning of this Protective Order.

8. Confidential Information may be disclosed to the judge and court personnel in the Action, including court reporters and clerks, in the course of and as necessarily incident to the conduct of the Action. A Party filing papers with the court that contain or discuss Confidential Information shall take reasonable precautions to protect the confidentiality of the Confidential Information, including, but not limited to, filing under seal.

3

9.       The provisions of this Protective Order concerning non-disclosure of Confidential Information shall survive the termination of the Action. Within forty-five (45) days after the conclusion of the Action (including any appeal therefrom), each Party shall either return all Confidential Information to the Designating Party, or shall destroy or discard such Confidential Information and certify to the Designating Party in writing that the Party has done so.

10.      This Protective Order shall become effective upon execution by the Parties and notwithstanding the fact that it has not yet been so ordered by the Court.

Dated: New York, New York
       June 18, 2009


ZUCKERMAN SPAEDER LLP

By: _____
       C. Evan Stewart (CS-8482)
       Laura E. Neish (LN-0040)
       1540 Broadway, Suite 1604
       New York, New York 10036
       Tel: (212) 704-9600
       Fax: (212) 704-4256
       estewart@zuckerman.com
       lneish@zuckerman.com

       Charles Matays (CM-1328)
       MATAYS & KRETSCHMANN
       271 Madison Avenue, Suite 705
       New York, New York 10016
       Tel: (212) 213-5000
       Fax: (212) 725-6677
       cmatays@aol.com

       *Attorneys for Plaintiff*


WINSTON & STRAWN LLP

By: _____
       Eric M. Nelson
       Stephen L. Sheinfeld
       Lisa M. Sofio
       200 Park Avenue
       New York, New York 10166
       Tel: (212) 294-6700
       Fax: (212) 294-4700
       emnelson@winston.com
       ssheinfeld@winston.com
       lsofio@winston.com

       *Attorneys for Defendant*


4

SO ORDERED:

Honorable Shira A. Scheindlin
United States District Court Judge

6/19/09

## **DECLARATION**

The undersigned hereby acknowledges that he/she has read the Confidentiality Agreement and Protective Order in the action *Fishoff v. Coty Inc.*, 09 CV 628, in the U.S. District Court for the Southern District of New York, and understands the terms thereof.  The undersigned agrees not to use the Confidential Information defined therein for any purpose other than in connection with the prosecution or defense of this case, and will not further disclose the Confidential Information except in testimony taken in this case.

By _____
(Print Name)

_____
(Signature)

_____
(Date)

6