**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
--------------------------------------------------------- X

MICHAEL FISHOFF,

                     **Plaintiff,**

   - against -

COTY INC.,

                   **Defendant.**

--------------------------------------------------------- X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 8/6/09

**MEMORANDUM OPINION**
**AND ORDER**

**09 Civ. 628 (SAS)**

**SHIRA A. SCHEINDLIN, U.S.D.J.:**

## I.   INTRODUCTION

     Michael Fishoff is suing Coty Inc. – his former employer – for

alleged breach of contract, promissory estoppel, and breaches of the duties of good

faith and fair dealing.[1]  These claims stem from Fishoff's attempt to exercise

options awarded to him in his capacity as Coty's Chief Financial Officer ("CFO").

On July 17, 2009, this Court issued a memorandum opinion and order holding that

Fishoff's option exercise was timely (the "July Opinion and Order").[2]  Coty now

---

    [1]    Fishoff also brought common law and federal securities laws fraud
claims, which this Court has dismissed.  *See Fishoff v. Coty Inc.*, No. 09 Civ. 628,
2009 WL 1585769 (S.D.N.Y. June 8, 2009).

    [2]    *See Fishoff v. Coty Inc.*, No. 09 Civ. 628, 2009 WL 2146791
(S.D.N.Y. July 17, 2009).

moves this Court to reconsider that holding.  For the reasons discussed below,

Coty's motion is denied.

A detailed description of the facts can be found in this Court's July

Opinion and Order.[3]  The instant Opinion and Order assumes familiarity with the

facts of this case and the parties involved.

## II.   LEGAL STANDARD

Motions for reconsideration are governed by Local Rule 6.3 and are

committed to the sound discretion of the district court.[4]  A motion for

reconsideration is appropriate where "'the moving party can point to controlling

decisions or data that the court overlooked – matters, in other words, that might

reasonably be expected to alter the conclusion reached by the court.'"[5]  "A motion

for reconsideration may also be granted to 'correct a clear error or prevent

manifest injustice.'"[6]

---

[3]      *See id.* at *1.

[4]      *See Patterson v. United States*, No. 04 Civ. 3140, 2006 WL 2067036,
at *1 (S.D.N.Y. July 26, 2006 ) ("The decision to grant or deny a motion for
reconsideration is within the sound discretion of the district court.") (citing
*McCarthy v. Manson*, 714 F.2d 234, 237 (2d Cir. 1983).

[5]      *In re BDC 56 LLC*, 330 F.3d 111, 123 (2d Cir. 2003) (quotation
omitted).

[6]      *In re Terrorist Attacks on September 11, 2001*, No. 03 MDL 1570,
2006 WL 708149, at *1 (S.D.N.Y. Mar. 20, 2006) (quoting *Doe v. New York City*

The purpose of Local Rule 6.3 is to "'ensure the finality of decisions and to prevent the practice of a losing party examining a decision and then plugging the gaps of a lost motion with additional matters.'"[7]  Local Rule 6.3 must be "narrowly construed and strictly applied so as to avoid repetitive arguments on issues that have been considered fully by the Court."[8]  Courts have repeatedly been forced to warn counsel that such motions should not be made reflexively, to reargue "'those issues already considered when a party does not like the way the original motion was resolved.'"[9]  A motion for reconsideration is not an

---

*Dep't of Soc. Servs.*, 709 F.2d 782, 789 (2d Cir. 1983)).

[7]   *Naiman v. New York Univ. Hosps. Ctr.*, No. 95 Civ. 6469, 2005 WL 926904, at *1 (S.D.N.Y. Apr. 1, 2005) (quoting *Carolco Pictures, Inc. v. Sirota*, 700 F. Supp. 169, 170 (S.D.N.Y. 1988)).  *Accord Commerce Funding Corp. v. Comprehensive Habilitation Servs., Inc.*, 233 F.R.D. 355, 361 (S.D.N.Y. 2005) ("[A] movant may not raise on a motion for reconsideration any matter that it did not raise previously to the court on the underlying motion sought to be reconsidered.").

[8]   *DGM Invs., Inc. v. New York Futures Exch., Inc.*, 288 F. Supp. 2d 519, 523 (S.D.N.Y. 2003) (quotation omitted).  *Accord Shrader v. CSX Transp. Inc.*, 70 F.3d 255, 257 (2d Cir. 1995) (holding that a court will deny the motion when the movant "seeks solely to relitigate an issue already decided").

[9]   *Joseph v. Manhattan & Bronx Surface Transit Operating Auth.*, No. 96 Civ. 9015, 2006 WL 721862, at *2 (S.D.N.Y. Mar. 22, 2006) (quoting *In re Houbigant, Inc.*, 914 F. Supp. 997, 1001 (S.D.N.Y. 1996)).

3

"opportunity for making new arguments that could have been previously

advanced,"[10] nor is it a substitute for appeal.

## III.  DISCUSSION

The July Opinion and Order's only holding was that Fishoff's options

exercise was a timely November exercise.[11]  In briefing the matter, Coty pointed to

no explicit or implicit terms in the LTIP contravening the mandates of New York

General Construction Law section 25 ("section 25 of the GCL") – which calls for

---

[10]     *Associated Press v. United States Dep't of Defense*, 395 F. Supp. 2d
17, 19 (S.D.N.Y. 2005).

[11]     *See Fishoff*, 2009 WL 2146791, at *2.  In arriving at that conclusion,
this Court noted that "section 6(d)(ii) of the LTIP applies notwithstanding '*any*
provision*' of the LTIP or Award Agreement to the contrary."  *Id.* (emphasis in
original).  As Coty correctly points out, section 6(d)(ii) is limited to "[o]ptions
prior to the [Initial Public Offering or 'IPO']."  Defendants' Memorandum In
Support of Its Motion For Reconsideration at 2 ("Def. Mem.") (citing Long Term
Incentive Plan ("LTIP"), Ex. B to Compl., § 6(d)(ii)).  However, because Coty has
not had an IPO, this Court omitted that phrase from the July Opinion and Order for
purposes of clarity.  This Court's interpretation should not be read as implying that
section 6(d)(ii) is isolated from the rest of the LTIP, as Coty contends.  Coty
further claims that the July Opinion and Order's holding generally confuses the
terms of section 6(d).  Indeed, section 6(d)(ii) dictates option exercises *before* an
IPO by providing "for a cash payment equal to the difference between the Exercise
Price and the Fair Market Value of the Shares underlying the Option as of the
Exercise Date."  *Id.* at 4.  Section 6(d)(i), on the other hand, dictates option
exercises *after* an IPO by providing "for the actual delivery of the underlying
shares upon a valid exercise and the payment by the Option holder of the Exercise
Price."  *Id.*  However, the Court made no ruling on the remaining text of section
6(d)(ii) in the July Opinion and Order nor does it make such a ruling in this
opinion.

4

an extension of time to the next business day to perform a condition of a contract that would otherwise be performed on a weekend.[12]  Indeed, Coty concedes that section 6(d)(ii) *does* apply to Fishoff's exercise.[13]  If section 6(d)(ii) applies, then an option can "only" be exercised on an "Exercise Date" – the last day of a month. An option cannot be exercisable "only" on one date but also exercisable on other dates – any provision of the LTIP affecting option exercise dates would be contrary to section 6(d)(ii)'s terms and therefore ineffectual.[14]

---

[12]      *See* N.Y. Gen. Constr. Law § 25.  An example of a clause that would trump section 25 of the GCL is a term saying that no options could be executed on the first of a month, or a clause saying that the option holder must exercise her option on the last Friday of a month if the last day of that month is Sunday.  The LTIP contains no such clause.  Thus, section 25 of the GCL extended Fishoff's option exercise date from the November 30, 2008 – a Sunday – to December 1, 2008.

[13]      *See* Def. Mem. at 4 ("Coty does not contend that LTIP [section] 6(d)(ii) does not apply to [Fishoff]'s options exercise or is supplanted by any other provision of the LTIP.").

[14]      Coty further contends that this Court overlooked LTIP sections 3(a)(v), (vii) and (viii), 3(b), and 6(c)(i), all of which delegate various sorts of authority to Coty with regards to option awards.  However, those sections are irrelevant to the holding.  A point stressed by this Court is that section 6(d)(ii) explicitly states that an option can "only" be exercised on an "Exercise Date," notwithstanding other provisions to the contrary.

Although Coty correctly points out that this Court overlooked the qualifying terms of section 9(b) of the LTIP,[15] this clarification cannot reasonably be expected to alter the conclusion of the July Opinion and Order.  Indeed, section 9(b) only requires the consent of the affected option-holder following a "Change of Control."[16]  However, section 9(b) was merely cited – in dicta – as an example of a provision that *could* be seen as conflicting with section 6(d)(ii)'s explicit and qualified terms.  The proper reading of section 9(b) does not alter the conclusion that section 6(d)(ii) mandates option exercises to occur only on an "Exercise Date," as discussed in the preceding paragraph and stressed in the July Opinion and Order.

## IV.   CONCLUSION

Coty's motion for reconsideration is denied.  The Clerk of the Court is directed to close this motion (Docket # 22).

---

[15]     Section 9(b) governs "[a]mendments to [a]wards."  LTIP § 9(b).  In footnote 32 of the July Opinion and Order, this Court incorrectly omitted the phrase "following a change of control" when describing the effect of section 9(b).

[16]     "Change of Control" is a term defined in the LTIP.  *See id.* § 2.

SO ORDERED:

Shira A. Scheindlin
U.S.D.J.

Dated:      New York, New York
            August 6, 2009

## -Appearances-

**For Plaintiff:**

C. Evan Stewart, Esq.
Laura E. Neish, Esq.
Zuckerman Spaeder LLP
1540 Broadway, Suite 1604
New York, NY 10036
(212) 704-9600

Charles Matays, Esq.
Matays & Kretschmann
271 Madison Avenue, Suite 705
New York, NY 10016
(212) 213-5000

**For Defendant:**

Eric M. Nelson, Esq.
Stephen L. Sheinfeld, Esq.
Lisa M. Sofio, Esq.
Winston & Strawn LLP
200 Park Avenue
New York, NY 10166
(212) 294-6700