**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------- X

**MICHAEL FISHOFF,**

                    **Plaintiff,**

          **- against -**

**COTY INC.,**

                    **Defendant.**

------------------------------------------------------- X

USDC SDNY
DOCUMENT
ELECTR..MICALLY FILED
DOC #: _____
DATE FILED: 1/25/10

**MEMORANDUM**
**OPINION AND ORDER**

**09 Civ. 628 (SAS)**

**SHIRA A. SCHEINDLIN, U.S.D.J.:**

          Michael Fishoff sues Coty Inc. – his former employer – for alleged

violations of federal securities laws, common law fraud, breach of contract,

promissory estoppel, and breaches of the duties of good faith and fair dealing.

These claims stem from Fishoff's attempt to exercise options awarded to him

pursuant to Coty's Long Term Incentive Plan (the "LTIP"). On June 8, 2009, I

granted Coty's motion to dismiss Fishoff's securities fraud and common law fraud

claims.[1] Fishoff subsequently dismissed all of his outstanding claims other than

breach of contract and promissory estoppel. On December 16, 2009, I granted

Coty's motion to dismiss Fishoff's promissory estoppel claim, but denied Coty's

---

          [1]     *See Fishoff v. Coty Inc.*, No. 09 Civ. 628, 2009 WL 1585769
(S.D.N.Y. June 8, 2009).

1

motion for summary judgment on Fishoff's breach of contract claim, noting that a

narrow issue of material fact remained.[2]  At a conference before this Court on

December 28, 2009, the parties stipulated to the remaining factual issues and

agreed that there were no remaining issues to be tried.[3]  The Court directed them to

submit a proposed final judgment.[4]  Subsequently, the parties notified the Court

that they could not reach agreement on the amount of post-judgment interest to

which Fishoff is entitled.[5]  In addition, Coty seeks sanctions against Fishoff

pursuant to Federal Rule of Civil Procedure 11 and the Private Securities Litigation

Reform Act ("PSLRA") for Fishoff's securities fraud claim.[6]  My findings on each

of these issues are set forth below.

### 1.      Post-judgment Interest

Section 1961 of title 28 of the United States Code provides that

---

[2]      *See Fishoff v. Coty Inc.*, No. 09 Civ. 628, 2009 WL 4884161
(S.D.N.Y. Dec. 16, 2009).

[3]      *See* 12/28/09 Hearing Transcript.

[4]      *See id.*

[5]      *See* 1/12/10 Letter from Eric Nelson, Coty's counsel ("1/12/10 Def.
Letter") at 2-3; 1/14/10 Letter from Laura Neish, Fishoff's counsel ("1/14/10 Pl.
Letter") at 1; 1/15/10 Letter from Eric Nelson regarding post-judgment interest at
1-2.

[6]      *See* 1/12/10 Def. Letter at 2; 1/15/10 Letter from Eric Nelson
regarding Rule 11 Sanctions at 1-2; *see also* 1/15/10 Letter from C. Evan Stewart,
Fishoff's counsel.

"[i]nterest shall be allowed on any money judgment in a civil case recovered in a district court. . . . Such interest shall be calculated from the date of the entry of the judgment [at a uniform rate described later in this section of the statute]."[7] Fishoff contends that where the judgment is based on a contract that contains a choice of law provision, the post-judgment interest should be based on the designated law.[8] Because the LTIP contains a New York choice of law provision, Fishoff argues that New York's statutory rate of nine percent per annum should apply.[9]

Fishoff's position is contrary to controlling Second Circuit law. As recently as 2008, the Second Circuit unequivocally held that in diversity cases "post judgment interest is governed by federal statute."[10] Moreover, in *Westinghouse Credit Corp. v. D'Urso,* the Second Circuit applied section 1961 to facts nearly identical to those presented here.[11] *Westinghouse Credit Corp.* involved a judgment on a contract with a New York choice of law provision.[12] The

---

[7]    *See also Westinghouse Credit Corp. v. D'Urso,* 371 F.3d 96, 100 (2d Cir. 2004) (citing 28 U.S.C. § 1961).

[8]    *See* 1/14/10 Pl. Letter at 1.

[9]    *See id.*

[10]    *Schipini v. McLeod*, 541 F.3d 158, 165 (2d Cir. 2008) (citing 28 U.S.C. § 1961(a)).

[11]    *See* 371 F.3d at 102.

[12]    *See id.*

3

court held that while parties may override the statutory interest rate set by section 1961, their intent to do so much be expressed through "clear, unambiguous and unequivocal language."[13] The LTIP does not contain any such language. Therefore, post-judgment interest is to be calculated at the section 1961 interest rate.

## 2. PSLRA Mandatory Findings

The PSLRA requires that at the conclusion of private actions arising under federal securities laws, courts must make Rule 11 findings.[14] Coty contends that sanctions are warranted in this case because Fishoff's securities fraud claim was frivolous and his opposition to Coty's motion to dismiss was not "'warranted by existing law, or by a nonfrivolous argument for extending, modifying or reversing existing law or for establishing new law.'"[15] "An argument constitutes a frivolous legal position for purposes of Rule 11 sanctions if, under an objective standard of reasonableness, it is clear. . . that there is no chance of success and no

---

[13]     *Id.*

[14]     *See* 15 U.S.C. § 78u-4(c)(1); *see also Rombach v. Chang*, 355 F.3d 164, 178 (2d Cir. 2004).

[15]     1/12/10 Def. Letter (quoting Fed. R. Civ. P. 11(b)(2)).

4

reasonable argument to extend, modify or reverse the law as it stands."[16]

In the June 8 Opinion I rejected Fishoff's argument that the LTIP, or the options granted thereunder, were securities.[17] However, Fishoff's position was not without some support – albeit non-binding and unpersuasive.[18] Similarly, while I found that Fishoff had failed to adequately plead scienter,[19] this does not mean that Fishoff's claim had absolutely "no chance" of success. As I have stated before, the element of scienter is often the most difficult and controversial aspect of a securities fraud claim.[20] Because I do not find that Fishoff's claim was "frivolous," sanctions are not warranted.

The parties are directed to submit a proposed order of final judgment in accordance with this Memorandum Opinion and Order within five days of receipt.

SO ORDERED:

Shira A. Scheindlin

---

[16]    *Morley v. Ciba-Geigy Corp.*, 66 F.3d 21, 25 (2d Cir. 1995) (quotation marks omitted).

[17]    *See Fishoff*, 2009 WL 1585769, at \*5-\*6.

[18]    *See id.* at \*6 n.89 (noting that Fishoff cited a "host of cases" in support of his position).

[19]    *See id.* at \*6.

[20]    *See Kalnit v. Eichler*, 99 F. Supp. 2d 327, 344 (S.D.N.Y. 2000).

5

U.S.D.J.

Dated:    New York, New York
          January 25, 2010

## - Appearances -

**For Plaintiff:**

C. Evan Stewart, Esq.
Laura E. Neish, Esq.
Zuckerman Spaeder LLP
1540 Broadway, Suite 1604
New York, New York 10036
(212) 704-9600

Charles Matays, Esq.
Matays & Kretschmann
271 Madison Avenue, Suite 705
New York, New York 10016
(212) 213-5000

**For Defendant:**

Eric M. Nelson, Esq.
Stephen L. Sheinfeld, Esq.
Lisa M. Sofio, Esq.
Winston & Strawn LLP
200 Park Avenue
New York, New York 10166
(212) 294-6700